**Davis Miles McGuire Gardner**
320 N. Leroux Street, Suite A
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire (SBN: 015909)
pmcguire@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
*Proposed Attorneys for Debtors*

# IN UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Case No. 2:14-bk-01451-RJH |
|---|---|
| GILBERT HOSPITAL, LLC,<br><br>Debtor. | **EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS:**<br><br>(a) **AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL;**<br><br>(b) **GRANTING ADEQUATE PROTECTION TO STILLWATER BANK; AND**<br><br>(c) **SCHEDULING A FINAL HEARING THEREON** |

Gilbert Hospital, LLC, debtor and debtor-in-possession in the above captioned case ("**Debtor**"), files this Motion for entry of an interim order ("**Interim Order**") substantially in the form attached hereto as **Exhibit "A"** and subject to amendment or modification based

1

on negotiations with the parties-in-interest and after a final hearing on this Motion ("**Final Hearing**"), a final order ("**Final Order**", and together with the Interim Order, collectively, the "**Cash Collateral Orders**"). To that end, the Debtor requests that the Court:(a) provide the Debtor with authority to use Stillwater National Bank and Trust Company's ("**Stillwater Bank**") cash collateral; (b) grant adequate protection to Stillwater Bank with respect to the Debtor's use of cash collateral and any diminution in the value of Stillwater Bank's interests in its prepetition collateral; and (c) setting the time for the Final Hearing.

This Motion is brought on an emergency basis to avoid irreparable harm to the Debtor's bankruptcy estate and is supported by the entire record before the Court, the contemporaneously filed Declaration of Bryan Hargis ("**Declaration**") in Support of Chapter 11 Petition and First Day Motions, the Debtor's 21-day budget ("**Budget**") attached hereto as **Exhibit "B"**, and by the following Memorandum of Points and Authorities. The Debtor seeks interim approval to use cash collateral for a brief 21-day period while the Debtor and Stillwater Bank negotiate the Debtor's use of cash collateral and potential Debtor-in-possession financing over a more extended period. The Debtor's requested relief will ensure that Stillwater Bank's collateral is preserved while the parties work out funding terms for this case.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

1. On February 5, 2014 ("**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its assets and affairs as Debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtor is an Arizona limited liability company with its principal operations in Gilbert, Arizona which is located in Maricopa County. Accordingly, venue for the Debtor's chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. No trustee or examiner has been appointed in this case, nor has an official committee of unsecured creditors been established.

## II. FACTUAL BACKGROUND

### A. Debtor's Business

6. In support of this Motion, the Debtor incorporates by this reference the factual statements contained in the contemporaneously filed Bryan Hargis Declaration.

7. The Debtor owns and operates Gilbert Hospital ("**Hospital**"), a licensed and general-acute care hospital that is open 24 hours a day, seven days a week. The Debtor opened the Hospital in 2006. The Debtor's core business strategy is to provide general acute

hospital care for patients by providing emergency services that are complemented with diagnostic, observation, inpatient, and surgical services.

1. 9. The Debtor operated profitably from 2006 until 2012. However, due to a number of business related issues, including 1) ongoing road improvements on Power Road making it more difficult for ambulances and patients to access the hospital for treatment resulting in lower emergency room volume, which in turn feeds inpatient, ICU and surgery volume; 2) the opening of two new major hospitals in the Gilbert area, Banner Ironwood and Mercy Gilbert Hospital in 2011 and 2012; 3) the filing of certain litigation amongst owners of the hospital leading to unexpected legal bills; and 4) certain insurance companies urging their participants not to seek treatment at the hospital as a result of the absence of insurance contracts, the Debtor began to experience cash flow problems affecting its ability to service its financial obligations.

10. Recently, the Debtor has worked to restructure, however, it has become clear that the Debtor cannot complete its restructuring plan (which potentially includes significant secured debt modifications) without the help of a chapter 11 bankruptcy filing.

**B. Debtor's Pre-Petition Debt Structure and Need to Use Cash Collateral**

**1. Stillwater Bank Credit Facility**

11. Substantially all of the Debtor's personal property are encumbered by Stillwater Bank's credit facility.

12. As of February 5, 2014 ("Petition Date"), the Debtor owes Stillwater Bank the approximate amount of $5.5 million pursuant to three loan facilities evidenced by; 1) Promissory Note in the original principal amount of $5,000,000 dated November 8, 2007 (the "Working Capital Loan"); 2) Promissory Note in the original principal amount of $8,040,000 dated November 8, 2007 (the "Equipment Loan"); and 3) Promissory Note in the original principal amount of $7,328,924 dated November 8, 2007 (the "Land Loan"), together with that certain Security Agreement (Accounts) dated November 8, 2007 and UCC-1 Financing Statement recorded November 9, 2007 (the "Stillwater Loan Documents").

13. The Debtor's obligations under the Stillwater Loan Documents are secured by liens on, and security interests in, certain of the Debtor's personal property, identified in the Stillwater Loan Documents.

14. On February 3, 4, and 5, SNB unilaterally, and without providing notice, swept $1.085 million from the Debtor's operating account.

15. As of the Petition Date, the Debtor has an immediate need to use the cash or proceeds subject to Stillwater Bank's security interests ("**Cash Collateral**"). The Debtor requires the Cash Collateral to, among other things, pay post petition operating expenses, including payroll and amounts due to vendors, and to ensure that the Hospital remains operational and patients continue to receive care.

5

## III. AUTHORIZATION TO USE CASH COLLATERAL

The Debtor respectfully requests this Court grant the Debtor authority to use Stillwater Bank's Cash Collateral on an interim basis and subject to the Budget, and set a Final Hearing on this Motion. In order to give the Debtor and Stillwater Bank time to reach agreement regarding the Debtor's use of Cash Collateral, the Debtor proposes to use the Cash Collateral in accordance with the detailed Budget for a brief 21-day period. During that time, the Debtor will conduct good-faith negotiations with Stillwater Bank for the Debtor's use of cash collateral over a longer period, as well as potentially for access to debtor-in-possession financing. The Debtor will adequately protect Stillwater Bank for use of the Cash Collateral during this abbreviated period by: (1) protecting the value of Stillwater Bank's collateral; (2) granting replacement liens on similar postpetition collateral; and (3) accounting for the Cash Collateral during the pendency of this case ("**Adequate Protection Terms**").

Pursuant to § 363(c)(2), the Court may authorize the Debtor to use the Cash Collateral as long as Stillwater Bank consents or it is adequately protected. See *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). The Bankruptcy Code permits the payment of adequate protection by granting creditors any relief that will result in the realization of the "indubitable equivalent" of such entity's interest in the property. 11 U.S.C. § 361(3). While the Bankruptcy Code does not define "indubitable equivalent," courts view this provision as a "catch-all" for any other form of adequate protection. See *In re Timbers of Inwood Forest*,

*Assocs. Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1988). In all events, it is understood that adequate protection is a concept which is decided flexibly on a case-by-case basis. See *In re Martin*, 761 F.2d 472 (8th Cir. 1985).

Here, to the extent that the Debtor utilizes the funds generated by the accounts and accounts receivable securing Stillwater Bank's claims, Stillwater Bank will be provided with replacement liens to the same extent and priority as it currently holds, on any new accounts receivable and the Debtor's postpetition accounts. Granting replacement liens on accounts receivable or accounts generated by the Debtor's use of Cash Collateral is a common method of providing adequate protection.

Without immediate and interim use of the Cash Collateral, the Debtor will not have access to cash to pay its operating expenses, or employee wages and salaries. In that event, the Hospital will shut down, all ongoing business value will be lost and unsecured creditors will lose any prospect for payment. Accordingly, where Stillwater Bank is adequately protected for the use of its collateral, and where all other parties benefit from its continued operations, the Debtor should be permitted to use the Cash Collateral.

## IV. NOTICE AND REQUEST FOR FINAL HEARING

Under Rule 4001(c)(2), the Debtor requests the Court set a date for the Final Hearing. No trustee, examiner, or official committee has been appointed in this case. Notice of this Motion has been given to the Office of the United States Trustee, Stillwater Bank,

and the Debtor's twenty (20) largest unsecured creditors. Based on the nature of the relief requested in this Motion, the Debtor submits that no other notice need be given.

WHEREFORE, the Debtor respectfully requests: (a) entry of an order substantially in the form of the proposed Interim Order attached to this Motion as Exhibit "A"; (b) after a Final Hearing on the relief requested in this Motion, entry of a Final Order approving the relief requested herein, substantially in the form that shall be filed with the Court; and (c) such other and further relief as is just and equitable.

Dated this 7th day of February, 2014

DAVIS MILES MCGUIRE GARDNER, PLLC

By: /s/ Pernell W. McGuire
Pernell W. McGuire

```
 1  A copy of the foregoing mailed
    this ___8___ day of February, 2014, to:
 2
 3  UNITED STATES TRUSTEE'S OFFICE
    230 N. First Ave., Ste. 204
 4  Phoenix, AZ  85003

 5  Bryce Suzuki
    Bryan Cave LLP
 6  Two North Central Avenue, Suite 2200
 7  Phoenix, Arizona 85004-4406

 8  20 Largest Unsecured Creditors

 9  By: /s/ Joan Stoner
10      Joan Stoner
```