# Davis Miles
## McGuire Gardner

320 N. Leroux Street, Suite A
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire (SBN: 015909)
pmcguire@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
*Proposed Attorneys for Debtors*

# IN UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Case No. 2:14-bk-01451-RJH |
|---|---|
| GILBERT HOSPITAL, LLC,<br><br>Debtor. | **EMERGENCY MOTION TO APPROVE MOTION FOR AUTHORITY TO OBTAIN POST PETITION CREDIT** |

Gilbert Hospital, LLC, debtor and debtor-in-possession in the above captioned case ("**Debtor**"), pursuant to 11 U.S.C. § 364 and Federal Rules of Bankruptcy Procedure 4001(c) and 9014 and local rule 4001-4, files this Motion for entry of an order substantially in the form attached hereto as **Exhibit "A"** authorizing the Debtor to obtain post petition credit in the amount of $3.5 Million (the "DIP Loan") in accordance with the terms and conditions set forth herein. In support hereof, the Debtor represents as follows.

1

# I. JURISDICTION AND VENUE

1. On February 5, 2014 ("**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its assets and affairs as Debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtor is an Arizona limited liability company with its principal operations in Gilbert, Arizona which is located in Maricopa County. Accordingly, venue for the Debtor's chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. No trustee or examiner has been appointed in this case, nor has an official committee of unsecured creditors been established.

# II. NEED FOR THE DIP LOAN

6. The Debtor believes it has an immediate and critical need to obtain postpetition financing under the DIP Loan in order to reorganize the Debtor's financial structure. The Debtor's access to sufficient working capital and liquidity through the incurrence of postpetition financing under the DIP Loan and the use of cash collateral is vital to maximizing the value of the Debtor's estate. Immediately prior to the filing of the bankruptcy case, the Debtor's major secured creditor seized approximately $1.085 million from the Debtor's operating account leaving the Debtor with virtually no cash to pay

ongoing operating and reorganization expenses. Although the Debtor is now generating cash to pay its operating expenses, it has immediate need for additional capital to pay a retainer to legal counsel, pay deposits to utility companies, and other reorganization and operating expenses. Consequently, without access to the DIP Loan and the continued use of cash collateral, the Debtor and its estate would suffer immediate and irreparable harm because it will not be able to continue operating.

7. On February 11, 2014, the Court approved the Debtor's interim use of Stillwater National Bank's cash collateral. However, the use of cash collateral alone will be insufficient to meet the Debtor's postpetition liquidity needs. The Debtor is unable to obtain (i) adequate unsecured credit allowable under sections 364(b) and 503(b)(1) of the Bankruptcy Code, but the Debtor is able to secure postpetition financing under section 363(c)(2) by granting a lien to the lender on property owned by its wholly owned affiliate GH 41, LLC that is not otherwise subject to a lien.

8. The Debtor owns 100% of GH41, LLC. GH41, LLC is the owner of certain real property located in Peoria Arizona, which will serve as security for the DIP Loan.

## III. SUMMARY OF THE DIP LOAN

9. The following is a summary of the key terms of the DIP Loan:

| | |
|---|---|
| **Borrowers** | Gilbert Hospital, LLC; GH 41, LLC |
| **Lender** | T & Associates |
| **Interest Rate** | 14% |

| | |
|---|---|
| **Term and Maturity** | 13 months from the date of Disbursement |
| **Payments** | Monthly interest only payments |
| **Security** | Deed of Trust on the real property owned by GH 41, LLC located in Maricopa County Arizona in the City of Peoria in two parcels, of approximately 36 acres (APN 201-30-217) and a second parcel of approximately 5 acres (APN 201-30-216). |
| **Use of Proceeds** | To finance reorganization expenses, working capital and other general corporate purposes |

## BASIS FOR RELIEF

10. Pursuant to section 364(c) of the Bankruptcy Code, a debtor may, in the exercise of its business judgment, incur secured debt if the debtor has been unable to obtain unsecured credit and the borrowing is in the best interests of the estate. *See, e.g. In re Simasko Production Co.*, 47 B.R. 444, 488-9 (D. Colo. 1985) (authorizing interim financing stipulation where debtor's best business judgment indicated financing was necessary and reasonable for benefit of estates); *In re Ames Dept. Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (with respect to post-petition credit, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties.").

11. Section 364(c) of the Bankruptcy Code provides, in pertinent part, that:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(I) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt-
>
> (2) Secured by a lien on property of the estate that is not otherwise subject to a lien;

4

Case 2:14-bk-01451-RJH    Doc 40    Filed 02/14/14    Entered 02/14/14 12:18:00    Desc
Main Document    Page 4 of 8

The Debtor satisfies the requirements of section 364(c) of the Bankruptcy Code because the Debtor is unable to obtain credit otherwise, the financing is secured by property that is not otherwise subject to a lien, and the proposed financing is in the best interests of the estate.

12. In order for the Debtor to achieve the necessary liquidity to maintain operations, the Debtor must have access to the DIP Loan. The Debtor has not been able to obtain postpetition financing on an unsecured basis, pursuant to Sections 364(a) or 364(b) of the Bankruptcy Code. The Debtor further submits that the terms and conditions of the DIP Loan are the best possible under the circumstances of this case and were negotiated in good faith and at arm's length.

**Request for Accellerated Hearing**

As set forth above, the Debtor has an immediate need for additional funds. The Lender can not proceed with completing the loan transaction until it has an order from the Court approving this financing transaction. Thus, the Debtor requests that the Court set a hearing on this matter for February 27, 2014 and require that any objections to the motion be filed no later than the day before the hearing.

WHEREFORE, the Debtor respectfully requests that the Court authorize the Debtor to enter into the DIP Loan, and for such further relief as is just.

5

Dated this 14th day of February, 2014

          **DAVIS MILES MCGUIRE GARDNER, PLLC**

       By:   /s/ Pernell W. McGuire
              Pernell W. McGuire

6

| | |
|---|---|
| 1 | A copy of the foregoing mailed |
| 2 | this __14__ day of February, 2014, to: |
| 3 | Carolyn Johnsen |
| | Kami M. Hoskins |
| 4 | Jennings, Strous & Salmon, PLC |
| 5 | One E. Washington Street, Suite 1900 |
| | Phoenix, AZ 85004 |
| 6 | Attorneys for the Official Committee of Unsecured Creditors in the case of In re: Florence Hospital at Anthem, LLC, Case No. 4;13-bk-03201-BMW |
| 7 | |
| 8 | Lori L. Winkelman |
| | Robert P. Harris |
| 9 | Quarles & Brady, LLP |
| 10 | Two North Central Avenue |
| | Phoenix, AZ 85004 |
| 11 | Attorneys for MPT Operating Partnership, LP |
| 12 | |
| | Bryce A. Suzuki |
| 13 | Kyle S. Hirsch |
| 14 | Bryan Cave, LLP |
| | Two N. Central Avenue, Suite 2200 |
| 15 | Phoenix, AZ 85004 |
| 16 | Attorneys for SNB National Association |
| 17 | Ed Bernatavicius |
| | United States Trustee's Office |
| 18 | 230 N. First Ave., Suite 204 |
| 19 | Phoenix, AZ 85003 |
| 20 | |
| | Philip R. Rudd |
| 21 | Wesley D. Ray |
| | Polsinelli PC |
| 22 | One E. Washington, Suite 1200 |
| 23 | Phoenix, AZ 85004 |
| | Attorneys for Florence Hospital at Anthem, LLC |
| 24 | |
| 25 | Lisa M. Peters |
| | Kutak Rock, LLP |
| 26 | 1650 Farnam Street |
| 27 | Omaha, NE 68102 |
| 28 | 7 |

Attorneys for General Electric Capital Corporation
Thomas C. Axelsen
Sherman & Howard, LLC
201 E. Washington Street, Suite 800
Phoenix, AZ 85004
Attorneys for Gateway Anesthesia Associates, PLLC

Keith L. Hendricks
Moyes Sellers & Hendricks
1850 N. Central Avenue, Suite 1100
Phoenix, AZ 85004
Attorneys for Dr. Timothy Johns

20 Largest Unsecured Creditors

By: /s/ Joan Stoner
Joan Stoner